PER CURIAM.
The appellant was convicted of battery and aggravated battery. The trial judge sentenced the appellant to eighteen months in prison and fifteen years’ probation without apportioning the sentence between the two convictions. The written judgment did apportion the sentences, giving the appellant eighteen months’ imprisonment for the aggravated battery and fifteen years’ probation for the simple battery.
The appellant contends that fifteen years’ probation is in excess of the statutory maximum for simple battery. The appellee responds that the sentences herein were subsequently modified, with the prison sentence being set aside and the probation being transferred to the aggravated battery conviction. Because the probation term is within the maximum sentence for aggravated battery, it is contended that the defect has been cured. However, the record reveals no order withdrawing the fifteen years’ probation from the simple battery conviction, only orders setting aside the prison term and providing for fifteen years’ probation for the aggravated battery. The appellant’s contention is correct, and as the record now stands, it could be construed that the appellant now has two fifteen-year terms of probation.
We remand for correction of the simple battery sentence to reflect the proper statutory sentence. We reject the appellant’s other point concerning sentencing.
Thus, we remand for correction of sentence and otherwise affirm.
SCHEB, A.C.J., HALL, J., and BOARDMAN, EDWARD F. (Ret.) J., concur.